UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEOPLE.AI, INC.,

    Plaintiff,

v.

SETSAIL TECHNOLOGIES, INC.,

    Defendant.

No. C 20-09148 WHA

**OMNIBUS ORDER RE MOTIONS TO SEAL**

This order resolves all pending motions to seal.

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). See *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The compelling reasons standard applies to most judicial records. Evidentiary motions such as motions *in limine* and *Daubert* motions can be strongly correlative to the merits of a case. *Id.* at 1098–1100.

In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is sealable. Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Ibid.* "Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (Judge William Alsup) (citing Civ. L.R. 79-5).

*First*, People.ai filed conditionally under seal certain documents and portions of documents from the following filings that contained material SetSail designated as confidential: (1) People.ai's motion for leave to file a second amended complaint (Dkt. Nos. 60, 62); (2) reply brief in support of People.ai's motion for leave to file its second amended complaint (Dkt. No. 67); the second amended complaint (Dkt. No. 73); and People.ai's motion for summary judgment (Dkt. No. 112). Setsail did not file supporting declarations to establish that these documents, or portions thereof, were sealable, as required by our local rules. *See* Civ. L.R. 79-5. For the material filed in conjunction with the second amended complaint, People.ai's supporting declaration asserts that the material it seeks to seal is actually People.ai's confidential information, but this appears to be a scrivener's error (Dkt. No. 73-1). Even if it is not, People.ai did not provide an actual justification for sealing that material in its supporting declaration. Therefore, the motions to file the pertinent material in Dkt. Nos. 60, 62, 67, 73, and 112 under seal are **DENIED**.

*Second*, SetSail moves to seal portions of its opposition to plaintiff's motion to enlarge time to respond to defendant's motion for judgment on the pleadings and the supporting declaration of Haggai Levi (Dkt. No. 94). Upon review of the accompanying Brun declaration, this order finds that the proposed redactions are narrowly tailored and reveal confidential and

sensitive information regarding SetSail's financials, the public disclosure of which would harm SetSail competitively.  Good cause appearing, the motion is **GRANTED**.

The movants shall file public versions of the foregoing documents in full compliance with this order on **MARCH 4, 2022, AT NOON**.

**IT IS SO ORDERED.**

Dated:  February 9, 2022.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3