UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEOPLE.AI, INC.,

    Plaintiff,

v.

SETSAIL TECHNOLOGIES, INC.,

    Defendant.

No. C 20-09148 WHA

**ORDER RE MOTION FOR ATTORNEY'S FEES**

### INTRODUCTION

In this patent infringement action, accused infringer requests attorney's fees after a previous order found the claims-in-suit ineligible under Section 101. Because the accused infringer fails to show that anything in this lawsuit stood out as exceptional, the motion is **DENIED**.

### STATEMENT

A prior order described our facts (Dkt. No. 115). People.ai, Inc. brought this patent infringement action against SetSail Technologies, Inc. in December 2020. It alleged infringement of four patents: U.S. Patent Nos. 10,496,634; 10,565,229; 10,657,129; and 10,679,001. The patents-in-suit generally concerned matching, filtering, and analyzing business communications for use in customer relationship management (CRM) platforms like Salesforce. In February 2021, SetSail moved to dismiss under Rule 12(b)(6). Pursuant to Rule

15(a)(1)(B), People.ai amended as of right (Dkt. No. 36). The amended complaint added a fifth patent, U.S. Patent No. 10,503,783.

The initial case management conference took place in March and a "patent showdown" procedure was scheduled for August, wherein the parties would each move for summary judgment on one claim-in-suit. Shortly after the case management conference, SetSail moved to dismiss once again. In its opposition to that motion, filed the same day as the patent-showdown deadline for it to withdraw claims from this lawsuit, People.ai withdrew the '001 patent (Dkt. No. 46 at 3 n.1). A June order granted SetSail's motion to dismiss but allowed People.ai to move for leave to amend. During the pendency of People.ai's ensuing motion for leave to file a second amended complaint, the Court of Appeals for the Federal Circuit clarified patent pleading requirements. An order dated August 23, 2021, found the most prudent course forward was to permit People.ai's further amendment. It also rescheduled the patent showdown procedure given the intervening motion practice (Dkt. Nos. 58, 71).

People.ai's second amended complaint dropped the '783 patent and accused SetSail of infringing the '634, '229, and '129 patents. Prior to the patent showdown summary judgment motions ripening, SetSail filed a Rule 12(c) motion for judgment on the pleadings of Section 101 patent ineligibility. A December order conducted an *Alice* analysis and found all of the claims-in-suit directed to patent ineligible abstract concepts (Dkt. No. 115). A subsidiary order then vacated the patent showdown motions as moot, and judgment was entered.

Now, SetSail requests attorney's fees pursuant to Section 285. This order follows full briefing and oral argument.

**ANALYSIS**

Section 285 of the Patent Act recites: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." An "exceptional case" under Section 285 is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Oc*tane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is

'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Ibid.*

Relevant considerations may include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). District courts do not, it bears emphasizing, award attorney's fees merely to penalize a party for failing to win a patent infringement lawsuit. *See id.* at 548; *Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020).

SetSail summarizes its position as follows: "this case is exceptional because People.ai filed an outsized suit against a smaller competitor with inadequate investigation, asserted facially implausible infringement claims, and exhibited a pattern of maintaining those claims long after they proved non-viable" (Br. 20). This order considers each issue in turn.

*First*, SetSail contends this suit stands out as exceptional because People.ai's litigation positions lacked merit (Br. 11). A December 2021 order reviewed the claims-in-suit pursuant to the two-step *Alice* test and granted SetSail judgment on the pleadings that the claims were directed to patent ineligible abstract concepts. An action does not qualify as exceptional merely because the patents are found ineligible under Section 101. Both parties find support for their arguments on this point in *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372 (Fed. Cir. 2017). The Court of Appeals for the Federal Circuit therein affirmed the district court's ruling finding the action exceptional based on the weakness of the patent owner's Section 101 arguments. *Id.* at 1377–78. Notably, however, the Supreme Court decided *Alice* during *Inventor Holdings*' pendency before the district court. *Id.* at 1376. Not only did the patent claims at issue in *Inventor Holdings* involve similar subject matter as the patents in *Alice*, but the Federal Circuit agreed with the district court that the patents "were 'dubious even before the *Alice* decision' in light of, for example, *Dealertrack* and *Bilski*." *Id.* at 1379 (quoting district court). Here, the Patent and Trademark Office felt the subject matter

3

of the patents-in-suit were lawful and issued the patents with full knowledge of the *Alice* decision. The claims were all presumably valid when asserted.

SetSail replies that the patents were particularly generic and abstract, and that the key inventive concept that People.ai presented in its Section 101 ineligibility analysis was contrived. These arguments mirror the steps of the *Alice* analysis itself. *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014). People.ai did not proffer a strong argument that the patents-in-suit were not directed to an abstract concept (*Alice* step one). As explained in the December 2021 order, all of the patents concerned common commercial practices long performed by humans. The order employed the analogy of the corporate salesperson matching correspondence to business leads and estimating the likelihood of a deal to close based on standard rules such as who sent the communication and when (Dkt. No. 115 at 6–7, 21). In fact, in pre-suit correspondence, People.ai stated that its "patents broadly cover matching activities [*e.g.*, emails] to CRM objects," and that "it may be difficult for SetSail to offer such features without infringing People.ai's patents" (Brun Decl. Exh. 18).

Next, the December 2021 order considered People.ai's proffered inventive concept at *Alice* step two. *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1339 (Fed. Cir. 2016). People.ai argued that all the asserted claims stored the association between electronic activities and record objects separate from the system of record, *e.g.*, the CRM platform. The order ultimately concluded that the claims-in-suit failed to recite the concept and found them all patent ineligible (Dkt. No. 115 at 9–13). It further found that even if the concept had been recited, it did not qualify as inventive. Nevertheless, People.ai's inventive-concept arguments did not rise to the level of frivolousness or objective unreasonableness. This order does not find People.ai's position in this litigation so meritless that it warrants a conclusion this action was exceptional.

Setail's other arguments regarding People.ai's outside-the-CRM inventive concept also fail to distinguish this case as exceptional. SetSail contends the theory was contrived but patent eligibility had not yet previously arisen in the litigation. SetSail's other argument would have this order compare People.ai's position on the motion for judgment on the pleadings with

4

its position at summary judgment. The parties' summary judgment motions, however, had not ripened and awaited further briefing when the December 2021 order found all the claims-in-suit ineligible under Section 101. While SetSail stresses this order *can* consider issues not yet fully litigated, the Federal Circuit has "emphasized the wide latitude district courts have to *refuse* to add to the burdens of litigation by opening up issues that have not been litigated but are asserted as bases for a fee award." *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1357 (Fed. Cir. 2019). Given the underlying facts here, this order declines to consider material not yet ripe for review that had yet to have any role in this action in an evaluation of exceptionality.

*Second*, SetSail specifies that the "parties' history, the suit's timing, the limited pre-suit investigation, and the scope of the litigation raise serious concerns about the purpose of this litigation" (Br. 10). According to SetSail, it beat out the larger People.ai for a lucrative new contract in summer 2020. Just two months later, People.ai initiated this litigation. Moreover, People.ai purportedly filed its complaint the night before SetSail was set to close its Series A round of financing, which SetSail's investors consequently delayed as a result (Levi Decl. ¶ 4). This scenario does suggest a possible motive to derail a competitor's financing and/or ability to compete for business. Life is too short, however, to have a full evidentiary hearing premised on these indications. For the same reasons discussed above, and in light of how this action resolved at the Rule 12 stage, this order declines to further investigate this accusation.

SetSail further argues that People.ai performed only a limited pre-suit investigation, such that the complaint "included no original screenshots" and cited only "vague blog posts" (Br. 10). As SetSail acknowledged in the hearing on its second motion to dismiss, however, the patents-in-suit involved back-end server functionality, so the patent owner could not simply go out and acquire the accused product to investigate (May 27, 2021 Hrg. Tr. 5–8, Dkt. No. 55). While People.ai's pleadings certainly did not qualify as robust, its ability to investigate before suit remained limited given the subject matter. People.ai's assertion of seventy-one claims across five patents does raise an eyebrow, but, given the limited ability to conduct a pre-suit investigation, People.ai necessarily indulged in some speculation. This comes close to "shoot

5

first and ask questions later." But the subject matter of the patents is a mitigating factor. And, since we never got that far, for all we know, all seventy-one claims-in-suit read on the accused product.

*Third*, SetSail contends that People.ai employed litigation tactics that needlessly increased SetSail's legal fees. This order disagrees. SetSail acknowledges that People.ai withdrew the '001 patent by the deadline for doing so (Dkt. Nos. 40; 46 at 3 n.1). People.ai was under no requirement to do so earlier. Next, People.ai did not violate any prior order herein when it withdrew the '783 patent. The June 2021 order granting SetSail's motion to dismiss effectively extinguished the patent showdown that was pending at that time (Dkt. Nos. 40, 58). The August order that granted People.ai leave to file its second amended complaint (that omitted the '783 patent) recognized this as it set new deadlines for a patent showdown, including a new deadline for People.ai to withdraw claims prior to the parties' filing of their summary judgment motions (Dkt. No. 71). Finally, SetSail addresses People.ai's litigation in the second showdown procedure, which was not ripe when the December order found all the claims-in-suit ineligible under Section 101. As expalained, those unripe motions had no bearing on this action and will not be considered in a determination of whether this action qualifies as exceptional.

## CONCLUSION

In sum, SetSail's motion for attorney's fees pursuant to Section 285 is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 17, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE