UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEOPLE.AI, INC.,

      Plaintiff,

  v.

SETSAIL TECHNOLOGIES, INC.,

      Defendant.

No. C 20-09148 WHA

**ORDER RE MOTIONS TO SEAL**

This order addresses the motions to seal filed in conjunction with SetSail's motion for attorney's fees.

1.     **THE LEGAL STANDARD.**

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The compelling reasons standard applies to most judicial records. Evidentiary motions such as motions *in*

*limine* and *Daubert* motions can be strongly correlative to the merits of a case. *Id.* at 1098–1100.

In addition, sealing motions filed in this district must contain a specific statement that explains: (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient. The material requested to be sealed must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c). For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information because it "is not necessary to the public's understanding of the case." *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

Finally, "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c).

2. **SETSAIL'S MOTION FOR ATTORNEY'S FEES.**

SetSail moves to seal material it filed in conjunction with its motion for attorney's fees (Dkt. No. 125). The redactions this order grants are narrowly tailored. This order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 125-4 | SetSail's Motion For Attorneys' Fees Under 35 U.S.C. § 285 | GRANTED as to | Contains sensitive and specific confidential information, the disclosure of which would cause |

| | | | |
|---|---|---|---|
| | | highlighted portions. | SetSail competitive harm (Brun Decl. ¶ 3). |
| 125-6 | Levi Decl. | DENIED as to paragraph four. Otherwise, GRANTED. | As to paragraph four, SetSail has not explained how disclosure of a non-specific explanation regarding how this litigation disrupted its Series A financing could now result in competitive harm.  SetSail has failed to provide a sufficient good cause justification to seal this information. As to the remaining redactions, this order finds disclosure of that sensitive and confidential business information would cause SetSail competitive harm (Brun Decl. ¶ 3). |

### 3. PEOPLE.AI'S OPPOSITION TO SETSAIL'S MOTION FOR ATTORNEY'S FEES.

People.ai filed conditionally under seal certain material supporting its opposition to SetSail's motion for attorney's fees (Dkt. No. 127).  SetSail did not file a declaration in support of sealing this material, in contravention of Civil Local Rule 79-5(f)(3).  Consequently, the motion is **DENIED**.

### CONCLUSION

The administrative motions to seal are **GRANTED IN PART** and **DENIED IN PART**.  The parties shall refile all relevant documents in full compliance with this order by no later than **MAY 31**.  **IT IS SO ORDERED.**

Dated:  May 17, 2022.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3